**ORIGINAL**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DISTINCTIVE CALL RESPONSE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14153 (KG) |
| In re<br><br>BLUEHIPPO FUNDING, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14154 (KG) |
| In re<br><br>BLUEHIPPO CAPITAL, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14155 (KG) |
| In re<br><br>BLUEHIPPO CAPITAL, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14156 (KG) |
| In re<br><br>DIGITAL BOULEVARD, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14157 (KG) |
| In re<br><br>BOOST CREDIT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14158 (KG) |
| In re<br><br>INTERACTIVE CALL RESPONSE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14159 (KG) |

| | |
|---|---|
| In re | : Chapter 11 |
| STRATEGIC CALL RESPONSE, LLC, | : Case No. 09-14160 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| DYNAMIC CALL RESPONSE, LLC, (f/k/a Edison Response), | : Case No. 09-14161 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| ALLIANCE CALL RESPONSE, LLC, | : Case No. 09-14162 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| INSTANT CALL RESPONSE, LLC, | : Case No. 09-14163 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| OMEGA CALL RESPONSE, LLC | : Case No. 09-14164 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| RAPID CALL RESPONSE, LLC, | : Case No. 09-14165 (KG) |
| Debtor. | : |
| In re | : Chapter 11 |
| RELIABLE CALL RESPONSE, LLC, | : Case No. 09-14166 (KG) |
| Debtor. | : |

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND DEL. BANKR. L.R. 1015-1**

Upon the motion of Distinctive Call Response, LLC, a Delaware limited liability company ("Distinctive Call Response"), Boost Credit, LLC, a Delaware limited liability company ("Boost Credit"), BlueHippo Funding, LLC, a Maryland limited liability company ("BlueHippo Funding"), BlueHippo Capital, LLC, a Virginia limited liability company ("BlueHippo Capital, VA"), BlueHippo Capital, LLC, a Nevada limited liability company ("BlueHippo Capital, NV"), Digital Boulevard, LLC, a Virginia limited liability company ("Digital Boulevard"), Interactive Call Response, LLC, a Delaware limited liability company ("Interactive Call Response"), Strategic Call Response, LLC, a Delaware limited liability company ("Strategic Call Response"), Dynamic Call Response, LLC, a Maryland limited liability company (f/k/a Edison Response) ("Dynamic Call Response"), Alliance Call Response, LLC, a Delaware limited liability company ("Alliance Call Response"), Instant Call Response, LLC, a Delaware limited liability company ("Instant Call Response"), Omega Call Response, LLC, a Delaware limited liability company ("Omega Call Response"), Rapid Call Response, LLC, a Delaware limited liability company ("Rapid Call Response") and Reliable Call Response, LLC, a Delaware limited liability company ("Reliable Call Response", and together with Distinctive Call Response, BlueHippo Funding, BlueHippo Capital, VA, BlueHippo Capital, NV, Digital Boulevard, Boost Credit, Interactive Call Response, Strategic Call Response, Dynamic Call Response, Alliance Call Response, Instant Call Response, Omega Call Response, and Rapid Call Response, the "Debtors"), as debtors and debtors-in-possession, pursuant to pursuant to Fed. R. Bankr. P. 1015(B) and Del. Bankr. L.R. 1015-1 for the joint administration of the Debtors' chapter 11 cases for procedural purposes only (the "Motion"), all as more fully set out in the Motion; and upon consideration of the *Declaration of John Delta in Support of First Day Pleadings*; and it further appearing that the Court has jurisdiction over this matter; and it

3

further appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:

1. The Motion is GRANTED.

2. The above-captioned chapter 11 cases be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order or the Motion shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

4. All pleadings in these chapter 11 cases shall be required to bear a caption substantially in the form of the caption attached hereto as **Exhibit A**.

5. The docket entry shall be made in each of the above-captioned cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Distinctive Call Response, LLC, a Delaware limited liability company (Case No. 09-14153), BlueHippo Funding, LLC, a Maryland limited liability company (Case No. 09-14154), BlueHippo Capital, LLC, a Virginia limited liability company (Case No. 09-14155), BlueHippo Capital, LLC, a Nevada limited liability company (Case No. 09-14156), Digital Boulevard, LLC, a Virginia limited liability company (Case No. 09-14157), Boost Credit, LLC, a Delaware limited liability company (Case No. 09-14158), Interactive Call Response, LLC, a Delaware limited liability company (Case No. 09-14159), Strategic Call Response, LLC, a Delaware limited liability company (Case No. 09-14160), Dynamic Call Response, LLC, a Maryland limited liability company (f/k/a Edison Response) (Case No. 09-14161), Alliance Call Response, LLC, a Delaware limited liability company (Case

4

No. 09-14162), Instant Call Response, LLC, a Delaware limited liability company (Case No. 09-14163), Omega Call Response, LLC, a Delaware limited liability company (Case No. 09-14164), Rapid Call Response, LLC a Delaware limited liability company (Case No. 09-14165) and Reliable Call Response, LLC, a Delaware limited liability company (Case No. 09-14166), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1, and the docket in Case No. 09-14153 (KG) should be consulted for all matters affecting this case.";

6. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Date: November 25, 2009

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE